UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Bernhard Witte,                                                      Civil No. 04-4152 JRT/FLN

    Plaintiff,

    v.                                                                       **REPORT AND RECOMMENDATION**

State of Minnesota et al.,

    Defendants.

___

David Bernhard Witte (*pro se*), for Plaintiff.
John S. Garry, for Defendants.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 26, 2005, on the Defendant's Motion to Dismiss the Amended Complaint [#44]. Plaintiff made no appearance at the hearing. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendant's Motion to Dismiss the Amended Complaint [#44] be Granted.

### I. BACKGROUND

On September 20, 2004, Plaintiff David Witte filed suit against the State of Minnesota individually, and on behalf of all persons similarly situated, challenging the child-custody and child-support decisions made in Minnesota state court [#1]. The Complaint inserted Plaintiff's name and the State of Minnesota as Defendant into a pre-packaged Complaint obtained from an internet website promoting, and recruiting plaintiffs for similar pro se lawsuits in every state's federal courts. See http://www.indianacrc.org/classaction.html. In December 2004, this Court held a hearing on

Plaintiff's Motion to Appoint Counsel and to Certify Class [#4], Plaintiff's Motion for Consolidation and Transfer to the MDL [#5], and Defendant's Motion to Dismiss [#9]. This Court granted the Plaintiff's oral request to submit an Amended Complaint. (See Minute Entry, [#24]). The hearing was continued until after Plaintiff filed an Amended Complaint and the parties were to decide whether to renew their Motions. (See Id.). Plaintiff filed an Amended Complaint on February 16, 2005 [#26]. (See, Amended Complaint). The Amended Complaint is virtually the same as the original Complaint except that it adds the following Defendants: Minnesota Tim Pawlenty, Minnesota State Supreme Court Chief Judge Kathleen Blatz, Minnesota State Court of Appeals Chief Edward Toussaint, Minnesota Commissioner of Supreme Court Richard S. Slowes, Minnesota State Court Administrator Sue K. Dosal, Minnesota Department of Human Services Commissioner Kevin Goodno, and Minnesota State Commissioner of the Department of Public Safety Michael Campion. (Id.). The Amended Complaint again sues on behalf of himself and a putative class of persons adjudicated as a non-custodial parent in Minnesota state court, seeking damages of over one million dollars, the reversal of child-custody and child-support decisions made in Minnesota state court, and on going federal court supervision of future child-custody decision. (Id.). Since the filing of the Complaint, numerous non-party individuals have filed motions to intervene and for joinder.[1]

The Minnesota State Court has already issued a final decision granting Plaintiff's ex wife sole legal and physical custody of their minor children, ordering Plaintiff to pay child-support, and granting his ex-wife permission to move the children to Nebraska. (See Witte v. Witte, Nos. C8-02-

---

[1] The Motions to Intervene and/or for Joinder include the following docket numbers in this case: #29, #32, #33, #34, #35, #36, #37, #42, #50, #52, #54, #57, #59, #61, #63, #64, #67, #68, #70, #73, #76, #82, #87, #90, #92, and #95. These Motions will be addressed in a separate Order.

2

45, C7-02-134, 2002 WL 31109916 (Minn.Ct.App. Sept. 24, 2002), rev. denied (Minn. Dec. 17, 2002); In re Petition of Eadie, No. C6-02-240, 2002 WL 31056729 (Minn.Ct.App. Sept. 17, 2002), rev. denied, (Minn. Dec. 30, 2002)). Plaintiff was also found in contempt for failure to pay child support. (Id.).

Plaintiff claims that the state court decisions with respect to him individually and others similarly situated, which classify parents as custodial and non-custodial parents, and require payment of child support by the non-custodial parent, and allow for the separation of the non-custodial parent from their minor children, among other things, violate numerous provisions of the United States Constitution, federal statutes, and regulations. (See Amended Complaint, pp. 18-39). Plaintiff seeks an Order, which among other things: (1) establishes equal child-custody status for non-custodial parents in Minnesota state courts; (2) prohibits Minnesota state courts from allowing custodial parents to move away from original residences with minor children; (3) abolishes Minnesota state court ordered child-support payments; and (4) grants an award of damages in the aggregate value of $1,000,000.00 payable per Plaintiff, in addition to interest, tax compensation, and litigation costs. (See Id., pp. 40-44).

Defendants now renew their Motion to Dismiss [#9] by bringing their current Motion to Dismiss the Amended Complaint [#44]. Defendant contends, and this Court agrees, that Plaintiff's Complaint lacks subject matter jurisdiction because it is barred by both the Eleventh Amendment as well as the Rooker-Feldman doctrine.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal based on lack of subject-matter jurisdiction. Dismissal for lack of subject matter jurisdiction should be

3

granted only sparingly and with caution. See Huelsman v. Civic Center Corp., 873 F.2d 1171, 1174 (8th Cir. 1989). Through a Motion to Dismiss under 12(b)(1), a party may challenge the sufficiency of the pleadings on its face or it may challenge the factual truthfulness of its averments outside of the pleadings. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

Once subject-matter jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists. The plaintiff must validate the jurisdictional facts by competent proof or risk dismissal. Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir.1969) ("If the plaintiff's allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof") (citations omitted).

It is within the discretion of the court to determine how to proceed on jurisdictional questions, and the court "may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates lack of subject-matter jurisdiction." Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir.1980).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

### III.  LEGAL ANALYSIS

Plaintiff's Complaint should be dismissed. His claims against the State of Minnesota are barred by the Eleventh Amendment. Plaintiff's claims against the remaining Defendants should be dismissed on the grounds of the Rooker-Feldman Doctrine.

A.  **Plaintiff's Claims Against the State of Minnesota Should Be Dismissed on the Grounds of Sovereign Immunity.**

The State of Minnesota is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment and the related concept of sovereign immunity to also preclude actions by citizens alleging violations of federal law against their own states in federal or state court. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000); Alden v. Maine, 527 U.S. 706 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Citizen suits against states in federal court for violations of state law is also barred by sovereign immunity. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment bars the federal court's jurisdiction over a state regardless of the nature of the relief sought. See Seminole Tribe, 517 U.S. at 58; Pennhurst, 465 U.S. at 100-02.

Under the Eleventh Amendment, states are immune from suit unless: (1) the state consents to suit, thereby waiving its immunity from suit; or (2) Congress validly abrogates the state's sovereign immunity by passing appropriate legislation. See Seminole Tribe, 517 U.S. at 54-55; Hoffman v. Connecticut Dep't of Income Maintenance, 492 U.S. 96, 101 (1989); Pennhurst, 465 U.S. at 99-100. A waiver of immunity by a state or abrogation of immunity by Congress must be by unequivocal expression or action. See Pennhurst, 465 U.S. at 99; Seminole Tribe, 517 U.S. at 55.

First, the State of Minnesota has not waived its immunity from suit under the Eleventh

5

Amendment. See Maypenny v. U.S., 948 F.2d 1057, 1066 (1991); Woody v. City of Duluth, 176 F.R.D. 310, 313 (D.Minn. 1997); Hoeffner v. University of Minnesota, 948 F.Supp. 1380, 1392 (D.Minn. 1996). The State of Minnesota's limited waiver of sovereign immunity from tort actions in state courts does not constitute a waiver of the Eleventh Amendment immunity from suit in federal court for federal constitutional claims. See DeGidio v. Perpich, 612 F.Supp. 1383, 1388-89 (D.Minn. 1985).

Second, Congress has not abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or other civil rights statutes that provide a cause of action for violation of federal constitutional rights. See Quern v. Jordan, 440 U.A. 332, 338-45 (1979) (states' Eleventh Amendment immunity not abrogated by Congressional enactment of section 1983); see also, Seibert v. State of Oklahoma, 867 F.2d 591, 594 (10th Cir. 1989) (same findings as to 42 U.S.C. §§ 1983, 1985, and 1986 claims; no longer good for a different point of law); William v. Bennet, 689 F.2d 1370, 1376-77 (11th Cir. 1982) (state board of corrections immune from damage suit brought under §§ 1983, 1985, and 1986); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981) (same findings as to 42 U.S.C. § 1981).

Plaintiff in this case, argues that his claims are not brought under section 1983. However, the claims in each count of the Amended Complaint are for alleged violations of the U.S. Constitution, and section 1983 is the mode for bringing such constitutional claims. Plaintiff also alleges that 42 U.S.C. § 2000d-7 abrogates the state's sovereign immunity. However, none of Plaintiff's claims are brought under section 2000d and, as such, this argument is irrelevant. Furthermore, none of the long list of statutes that Plaintiff sets forth as general causes of action in "Section F" of the Amended Complaint creates a private cause of action, nor an abrogation of

Eleventh Amendment immunity to sustain Plaintiff's claims. As such, Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment and those claims should be dismissed.

**B.     Plaintiff's Claims Against All Other Defendants Should Be Dismissed on the Grounds of the Rooker-Feldman Doctrine.**

This action is not properly before this Court as this Court lacks subject matter jurisdiction to review a state court's judgment in a judicial proceeding.     Federal district courts are courts of original jurisdiction and have no authority or jurisdiction to review state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal court review of a state court's final decision lies only with the United States Supreme Court. Id. In Rooker, a plaintiff brought an action in federal district court seeking review of a state court judgment, by claiming it violated the U.S. Constitution. Rooker, 263 U.S. at 414. The Supreme Court affirmed the lower court's dismissal for lack of subject-matter jurisdiction and held: "[N]o court of the United States other than this court could entertain a proceeding to reverse or modify the judgment [of a state court] for errors. . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." Id. at 416. In Feldman, two plaintiffs brought actions in federal court after the District of Columbia's highest court refused to grant their requests to waive a court Rule requiring D.C. bar applicants to have graduated from an accredited law school. The Supreme Court recalled their decision in Rooker, and noted that the District Court did not have authority to review a final decision of the D.C. high court as such review could only be obtained by the Supreme Court. Feldman, 460 U.S. at 476.

The since called "Rooker-Feldman Doctrine" essentially prohibits, with the exception of habeas corpus petitions, appellate review of state court judgments by federal district courts.

Lemonds v. St. Louis Country, 222 F.3d 488, 492 (8th Cir. 2000). The Doctrine applies to state court losers who seek to have state court judgments reviewed or overturned in federal court. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005). Its limitation restricts "not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. Federal district courts are also prohibited from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims on which judgment has already been heard in state court. Id., citing Feldman, 460 U.S. at 482, n. 16. "If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995); See also, Keene Corp. v. Cass, 908 F.2d 293, 296-297, (8th Cir. 1990) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, (1987) (Issues are inextricably intertwined "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it."

Plaintiffs here seek to have this Court review and modify state court child-custody judgments that have already been entered against them. Plaintiff Witte's Complaint is based on his opposition to the Minnesota state court decisions that granted his ex-wife sole custody of their minor children, required him to pay child support, and granted his ex-wife permission to move their children to another state. Plaintiff seeks damages for these decisions, as well as declaratory and injunctive relief in the form of granting him equal custody and abolishing his court-ordered obligation to make child-

support payments. These claims for relief would effectively undue child-custody and child-support decisions made in Minnesota state courts. This Court finds that Plaintiffs are essentially attempting to appeal their respective Minnesota state court decisions to the federal district court, and this Court lacks subject matter jurisdiction to consider such claims. As such, Plaintiff's claims against the remaining Defendants should be dismissed, and Defendants' Motion to Dismiss the Amended Complaint [#44] should be Granted.

## IV. CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED:**

1. That the Defendant's Motion to Dismiss the Amended Complaint [#44] be **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel and to Certify Class [#4] be **DENIED as moot**; and

3. Plaintiff's Motion for Consolidation and Transfer to the MDL [#5] be **DENIED as moot**.


Dated: July 19, 2005                              s/ *Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 5, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 5, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.